UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ST. PAUL MERCURY INSURANCE COMPANY,

    Plaintiff,

v.

THE TOWN OF NORTHBRIDGE,

    Defendant

COMPLAINT
CIVIL ACTION NO.

05-10081

RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED 1
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 1/12/05

MAGISTRATE JUDGE MBB

## INTRODUCTION

The Plaintiff, St. Paul Mercury brings this Complaint seeking money damages for breach of contract and quantum meruit in connection with the Town of Northbridge's failure to pay money due to St. Paul for completion work stemming from a Performance Bond default by its Principal, Harding & Smith. In support thereof, St. Paul states as follows:

## PARTIES

1.     St Paul is engaged in surety and insurance with its principal office at 1 Towers Square, Hartford, Connecticut and is in the business, among other things, of issuing surety performance and payment bonds.

2.     Northbridge is a municipal corporation located in Worcester County, Massachusetts with a place of business at Town Hall, 7 Main Street, Northbridge, Massachusetts.

## JURISDICTION AND VENUE

3.     Jurisdiction is founded on diversity of citizenship and amount in controversy. The matter in controversy exceeds, exclusive of interest, the sum of $75,000.00.

## FACTS

4.     On or about September 27, 2000, Northbridge entered into a contract with a general contractor known as Harding & Smith, Inc.("Harding") for the construction of the Wastewater Treatment Plant Improvements Contract No. 2, Northbridge, MA ("Wastewater Contract").

5.     St. Paul, as surety, executed and delivered to Northbridge performance and payment bonds, Nos. JZ6208 for the Wastewater Contract, each in the penal sum of $6,933,280.00 ("Wastewater Bonds").

6.     On or about May 13, 2002, Harding advised Northbridge of its voluntary default of the Wastewater Contract.

7.     On or about May 28, 2002, Northbridge issued a notice terminating Harding's contract for default.

8.     On or about May 28, 2002, Northbridge requested that St. Paul, as surety, complete the Project pursuant to the terms of the Performance Bond issued on the Project.

9.     On or about June 24, 2002, St. Paul entered into a Takeover Agreement with Northbridge to effectuate a completion of the Wastewater Contract in accordance with the terms of the Wastewater Bonds.

10.     On or about June 27, 2002, St Paul entered into a Completion Contract with Methuen Construction Co. ("Methuen") to complete the remaining work as defined by the Completion Contract.

11.     The Wastewater Treatment Plant Improvements Project has been operation and substantially complete since late 2002.

12. There are minor punchlist items outstanding which are being addressed by the Architect and Methuen Construction.

13. St. Paul has made demands that Northbridge pay St. Paul for the completion of the project which is in excess of $500,000.00.

14. Despite repeated demands for payment, Northbridge has failed to pay all remaining contract balances to St. Paul.

## COUNT I- BREACH OF CONTRACT

15. St. Paul incorporates by reference as if fully rewritten herein, all allegations contained in paragraphs 1 through 14 above.

16. St Paul, in accordance with the Wastewater Contract, the Wastewater Bonds and the Takeover Agreement, fulfilled its obligations, as surety, by arranging for completion of the Wastewater Contract.

17. As a result of completing the Wastewater Contract, St. Paul is entitled to receive from Northbridge all remaining contract balances, without deduction or set-off.

18. Northbridge owes St. Paul the duty of good faith and fair dealing as it relates to the Wastewater Contract, the Wastewater Bond, and the Wastewater Takeover Agreement.

19. Northbridge's refusal to remit all remaining contract balances to St. Paul, without deduction or set-off, and otherwise refusing to provide verification of its alleged damages constitutes a breach of contract.

20. Despite repeated demands for payment, Northbridge has refused to remit all remaining contract balances to St. Paul.

21. Wherefore, St. Paul has been damaged in an amount within the jurisdictional limit of this Court.

## COUNT II – QUANTUM MERUIT

22. St. Paul incorporates by reference as if fully rewritten herein, all allegations contained in paragraphs 1 through 21 above.

23. St. Paul substantially and in good faith completed the Wastewater Contract.

24. As a direct and proximate result of the services provided by St. Paul, Northbridge has been unjustly enriched.

25. Despite repeated demands for payment, Northbridge has refused to comply.

26. St. Paul is entitled to receive from Northbridge the value of services it provided to the Northbridge.

27. Wherefore, St. Paul has been damaged in an amount within the jurisdictional limit of this Court.

WHEREFORE, St. Paul requests the following relief:

1. On Count I & II, judgment against Northbridge in the amount of the remaining contract balances, without deduction or set-off, plus interest, costs and attorneys' fees.

2. Such other relief as the Court may deem just and proper.

Respectfully Submitted,
St. Paul Mercury Insurance Company,
By its attorneys,

Bradford R. Carver, BBO#565396
Paula-Lee Chambers, BBO#566888
CETRULO & CAPONE, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110
(617) 217-5500

Dated: January 12, 2005

4

02060-0104
356227v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __St. Paul Mecury Insurance Co.__
   __v. Town of Northbridge, Massachusetts__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   XX  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES    (NO)

   A. IF YES, IN WHICH DIVISION DO __ALL__ OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      (EASTERN DIVISION)*     CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paula-Lee Chambers__
ADDRESS __Cetrulo & Capone, LLP Two Seaport Lane, Boston, MA 02210__
TELEPHONE NO. __(617) 217-5238__

(Cover sheet local.wpd - 11/27/00)

*St. Paul Mecury Insurance Co. is an out-of-state corporation, and inasmuch as counsel for St. Paul Mercury is based in Boston, the election of the plaintiff under L.R. 40.1(D)(2) is the Eastern Division of the Court.

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
St. Paul Mercury Insurance Company

**DEFENDANTS**
The Town of Northbridge

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paula-Lee Chambers, Esquire
Cetrulo & Capone, LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210 (617) 217-5500

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | | ☐ 371 Truth in Lending | | | |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332 Diversity
The Surety seeks recovery of contract fund balances due and owing under the Performance Bond.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE: January 12, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paula-Lee Chambers

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____