UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR -9 P 3: 46

C. A. NO. 05-10081 JLT

U.S. DISTRICT COURT
DISTRICT OF MASS

ST. PAUL MERCURY INSURANCE
COMPANY,

    Plaintiff

v.

THE TOWN OF NORTHBRIDGE,

    Defendant

ANSWER AND COUNTERCLAIM

    Now comes the defendant, the Town of Northbridge ("Town"), and makes answer to the allegations in the numbered paragraphs of the plaintiff's Complaint as follows:

    1.    The Town admits that St. Paul is engaged in the surety and insurance business and is in the business of issuing surety performance and payment bonds. The Town is without sufficient information to admit or deny the remaining allegations of paragraph 1.

    2.    Admitted.

    3.    Paragraph 3 is a conclusion of law to which no answer is required. To the extent that an answer is required, the Town admits that the matter in controversy exceeds the sum of $75,000.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

9. The Town admits that it entered into a Takeover Agreement with St. Paul, and states that the terms of that agreement speak for themselves.

10. The Town admits that St. Paul entered into a Completion Contract with Methuen, and states that the terms of that contract speak for themselves.

11. The Town admits that the treatment plant that is the subject of the Wastewater Contract has been in operation since late 2002, but denies the remaining allegations of paragraph 11.

12. The Town admits that there are certain punch list work items presently outstanding, some of which are being addressed by Methuen Construction.

13. The Town admits that St. Paul has made a demand against the Town for payment of the contract fund balance under the Wastewater Contract.

14. The Town admits that it has not paid all contract balances to St. Paul, but denies that such payment is due St. Paul.

## COUNT I

15. The Town repeats and restates its answers to the allegations in paragraphs 1 through 14 as if fully set forth herein.

16. The Town admits that St. Paul made arrangements for completion of the Wastewater Contract, but denies the remaining allegations of paragraph 16.

17. The Town denies that St. Paul completed the Wastewater Contract, and denies all other allegations of paragraph 17.

18. Paragraph 18 states a conclusion of law to which no answer is required.

19. Denied.

20. The Town denies that St. Paul has made repeated demands for payment. The Town admits that it has not paid all contract balances to St. Paul, but denies that such payment is due St. Paul.

21. Denied.

## COUNT II

22. The Town repeats and restates its answers to the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. Denied.

24. Denied.

25. The Town denies that St. Paul has made repeated demands for payment. The Town admits that it has not made payment to St. Paul, but denies that such payment is due St. Paul.

26. Denied.

27. Denied.

## FIRST DEFENSE

St. Paul has failed to exhaust its administrative remedies, including the claims procedure applicable to its claim by virtue of the Takeover Agreement.

## SECOND DEFENSE

St. Paul has failed to satisfy a condition precedent to recovery in that it has failed to establish compliance with all material terms and obligations of the Takeover Agreement.

### THIRD DEFENSE

St. Paul has breached the Takeover Agreement by failing to secure completion of the work of the Wastewater Contract and failing to secure correction of deficient work performed under the Completion Contract between St. Paul and Methuen.

### FOURTH DEFENSE

St. Paul is not entitled to any quantum meruit recovery against a Massachusetts municipal corporation such as the Town.

### FIFTH DEFENSE

St. Paul has failed to state a claim upon which relief can be granted.

### COUNTERCLAIM

1. The defendant, plaintiff-in-counterclaim, the Town of Northbridge ("Town"), is a Massachusetts municipal corporation situated in Worcester County with a place of business at Town Hall, 7 Main Street, Whitinsville, Massachusetts.

2. The plaintiff, defendant-in-counterclaim, St. Paul Mercury Insurance Company ("St. Paul"), is, on information and belief, a duly organized corporation with a place of business in Hartford, Connecticut at One Towers Square.

3. On or about September 27, 2000, the Town entered into a contract with Harding & Smith, Inc. ("Harding") for the project known as Wastewater Treatment Plant Improvements, Contract No. 2 ("Wastewater Contract").

4. St. Paul, as surety, executed and delivered to the Town a performance bond (the "Performance Bond") and a payment bond (the "Payment Bond"), Nos. JZ6208, for the Wastewater Contract, each in the penal amount of $6,933,280.

5. On or about May 13, 2002, Harding notified the Town of its voluntarily default under the Wastewater Contract.

6. On or about May 28, 2002, the Town issued a notice terminating Harding as the contractor under the Wastewater Contract.

7. On or about May 29, 2002, the Town requested St. Paul, as surety under the Performance Bond, to remedy the default of Harding and complete the work of the Wastewater Contract.

8. On or about June 24, 2002, the Town entered into a takeover agreement ("Takeover Agreement") with St. Paul for the completion of the work of the Wastewater Contract, which is also referenced in the Takeover Agreement as the Original Contract.

9. On or about June 27, 2002, St. Paul entered into a completion contract ("Completion Contract") with Methuen Construction Co. for the performance of the remaining work of the Wastewater Contract.

10. Article 7 of the Wastewater Contract provided that the contractor would be liable to the Town in the amount of $1,000 per day, as liquidated damages, for each day of delay in the contractor's completion of the work until the work was complete.

11. Paragraph 1 of the Takeover Agreement states that "[a]s to the completion of the Original Contract, except as otherwise provided in this Agreement, the Surety is entitled to all rights, title and interest of the Former Contractor in and to the Original Contract in all respects as if the Surety were the original party to the Original Contract."

12. Under the Wastewater Contract, the required date for completion of the contract work was April 9, 2002.

13. Under Paragraph 5.3 of the Takeover Agreement, the Town reserved "all rights under the Original Contract and the Bonds to the payment of liquidated damages for the period of April 10, 2002 to the date of completion of the work required under the Original Contract."

14. Paragraph 5 of the Takeover Agreement provided that St. Paul "shall complete the work required under the Original Contract pursuant to this Agreement on or before September 16, 2002.

15. St. Paul did not complete the work required under the Original Contract by September 16, 2002.

16. To date, the work required under the Original Contract has not been completed.

## COUNT I

17. The Town repeats the allegations in paragraphs 1 through 16 of this Counterclaim as if fully set forth herein.

18. As a result of Harding's failure to complete the work of the Wastewater Contract within the time required, St. Paul owes the Town liquidated damages in the amount of $1,000 per day for each day of delay.

19. As a result of St. Paul's failure to complete the remaining work of the Wastewater Contract within the time required by the Takeover Agreement, St. Paul owes the Town liquidated damages in the amount of $1,000 per day for each day of delay.

WHEREFORE, the Town demands judgment against St. Paul in an amount equal to $1,000 times of the number of days of delay in achieving completion of the work of the Wastewater Contract, plus interest, its costs of litigation and reasonable attorneys' fees.

## COUNT II

20. The Town repeats the allegations in paragraphs 1 through 19 of this Counterclaim as if fully set forth herein.

21. As a result of St. Paul's failure to complete the work of the Wastewater Contract within the time required by the Takeover Agreement, St. Paul has breached the Takeover Agreement.

22. As a result of St. Paul's breach of the Takeover Agreement, the Town has been required to incur additional costs and expenses in connection with the treatment plant project, including professional services costs.

WHEREFORE, the Town demands judgment against St. Paul in an amount sufficient to compensate it for its additional costs and expenses for the treatment plant project, plus interest, costs and reasonable attorneys' fees.

## COUNT III

23. The Town repeats the allegations in paragraphs 1 through 22 of this Counterclaim as if fully set forth herein.

24. The oxygen diffuser equipment supplied for the project and installed by Harding did not comply with the requirements of the Wastewater Contract specifications in that the oxygen transfer efficiency provided by that equipment was greatly reduced.

25. The oxygen diffuser equipment supplied for the project and installed by Harding is substantially less efficient than what was represented as the level of performance in the informational material submitted by Harding to the Town's project engineer prior to installation.

26. As a result of the decreased efficiency of the oxygen diffuser equipment, the Town has incurred and will continue to incur additional electricity costs for operation of the

equipment for greater periods of time than would have been required had the equipment complied with the specifications of the Wastewater Contract.

27. By reason of the failure of the oxygen diffuser equipment to comply with the specifications of the Wastewater Contract, Harding breached the Wastewater Contract.

28. St. Paul, as Harding's successor under the Takeover Agreement and as principal under the Performance Bond, is liable to the Town for Harding's breach of the Wastewater Contract.

WHEREFORE, the Town demands judgment against St. Paul in an amount sufficient to compensate it for its additional electricity costs owing to the inefficiency of the oxygen diffuser equipment, plus interest, costs and reasonable attorneys' fees.

## COUNT IV

29. The Town repeats the allegations in paragraphs 1 through 28 of this Counterclaim as if fully set forth herein.

30. At all times relevant, St. Paul was engaged in and was conducting trade or commerce within the Commonwealth of Massachusetts.

31. Since at least October of 2002, St. Paul has been aware of the Town's claims for liquidated damages on account of the delay in the completion of the work of the Wastewater Contract and the Town's claims for costs related to additional electricity expenses necessitated by the inefficiency of the oxygen diffuser equipment.

32. The validity of the Town's claims with respect to liquidated damages and additional electricity costs has been reasonably clear and reasonably clear to St. Paul since November of 2002.

33. Despite being aware of the validity of the Town's claims regarding liquidated damages and additional electricity costs, St. Paul has failed to effectuate a prompt, fair and equitable settlement of the Town's claims.

34. St. Paul has failed to provide a prompt and reasonable explanation of the basis in the Performance Bond and the Takeover Agreement, in relation to the facts or applicable law, for its failure to settle the Town's claims.

35. The conduct of St. Paul with respect to the Town's claims constitutes unfair methods of competition and unfair or deceptive acts or practices as defined by Chapter 176D, §3(9) and Chapter 93A of the Massachusetts General Laws.

36. St. Paul has acted in bad faith and knowingly and willfully violated Chapters 176D and 93A of the Massachusetts General Laws.

37. As a direct and proximate result of St. Paul's unfair and deceptive conduct, the Town has suffered damages.

WHEREFORE, the Town demands judgment against St. Paul in an amount equal to three times its damages, plus interest, costs and reasonable attorneys' fees.

THE TOWN OF NORTHBRIDGE

By its attorneys,

_____
David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

245362/NBRI/0115

9

## CERTIFICATE OF SERVICE

I, David J. Doneski, hereby certify that on the below date, I served a copy of the foregoing Answer and Counterclaim, by first class mail, postage prepaid, to the following counsel of record:

Paula-Lee Chambers, Esq.
Cetrulo & Capone LLP
2 Seaport Lane, 10th Floor
Boston, MA 02210

Dated: 3/8/05

David J. Doneski

245542/NBRI/0115