UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ST. PAUL MERCURY INSURANCE
COMPANY,

    Plaintiff,

v.

THE TOWN OF NORTHBRIDGE,

    Defendant

CIVIL ACTION NO. 05-10081-JLT

## PLAINTIFF ST. PAUL MERCURY INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF DEFENDANT, THE TOWN OF NORTHBRIDGE

1.    St Paul Mercury Insurance Company ("St. Paul") admits that the Defendant/Plaintiff-in-Counterclaim, the Town of Northbridge ("Town") is a Massachusetts municipal corporation situated in Worcester County with a place of business at Town Hall, 7 Main Street, Whitinsville, Massachusetts.

2.    St. Paul admits that the it is a duly organized corporation with a place of business in Hartford, Connecticut at One Tower Square.

3.    St. Paul admits that on or about September 27, 2000, the Town entered into a contract with Harding & Smith, Inc. ("Harding") for the project known as Wastewater Treatment Plant Improvements, Contract No. 2 ("Wastewater Contract").

4.    St. Paul admits that it, as surety, executed and delivered to the Town a performance bond (the "performance bond") and a payment bond (the "payment bond"), Nos. JZ6208, for the Wastewater Contract, each in the penal amount of $6,933,580. St. Paul admits that on or about May 13, 2002, Harding notified the Town of its voluntary default under the Wastewater Contract.

6. St. Paul admits that on or about May 28, 2002, the Town issued a notice terminating Harding as the contractor under the Wastewater Contract.

7. St. Paul admits that on or about May 29, 2002, the Town requested St. Paul, as surety under the Performance Bond, to remedy the default of Harding and complete the work of the Wastewater Contract.

8. St. Paul admits that on or about June 24, 2002, the Town entered into a takeover agreement ("Takeover Agreement") with St. Paul for the completion of the work of the Wastewater Contract, which is also referenced in the Takeover Agreement as the Original Contract. In further answering, St. Paul states that the Takeover Agreement is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied

9. St. Paul admits that on or about June 27, 2002, it entered into a completion contract ("Completion Contract") with Methuen Construction Co. for the performance of the remaining work of the Wastewater Contract. In further answering, St. Paul states that the Wastewater Contract is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied.

10. St. Paul states that the Wastewater Contract is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied.

11. St. Paul states that the Takeover Agreement is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied.

2

12. St. Paul states that the Wastewater Contract is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied.

13. St. Paul states that the Takeover Agreement is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied.

14. St. Paul states that the Takeover Agreement is a written document which is self-explanatory. Any statements that are inconsistent with such contract are denied and any remaining inconsistent allegations are denied.

15. St. Paul denies the allegation contained in paragraph 15 of the Counterclaim.

16. St. Paul denies the allegations contained in paragraph 16 of the Counterclaim.

## COUNT I

17. St. Paul hereby incorporates by reference its answer to paragraphs 1 through 16 above as if fully stated herein.

18. St. Paul denies the allegations contained in paragraph 18 of the Counterclaim.

19. St. Paul denies the allegations contained in paragraph 19 of the Counterclaim.

## COUNT II

20. St. Paul hereby incorporates by reference its answer to paragraphs 1 through 19 above as if fully stated herein.

21. St. Paul denies the allegations contained in paragraph 21 of the Counterclaim.

22. St. Paul denies the allegations contained in paragraph 22 of the Counterclaim.

## COUNT III

23. St. Paul hereby incorporates by reference its answer to paragraphs 1 through 22 above as if fully stated herein.

24. St. Paul denies the allegations contained in paragraph 24 of the Counterclaim.

25. St. Paul denies the allegations contained in paragraph 25 of the Counterclaim.

26. St. Paul denies the allegations contained in paragraph 26 of the Counterclaim.

27. St. Paul denies the allegations contained in paragraph 27 of the Counterclaim.

28. St. Paul denies the allegations contained in paragraph 28 of the Counterclaim.

## COUNT IV

29. St. Paul hereby incorporates by reference its answer to paragraphs 1 through 28 above as if fully stated herein.

30. St. Paul admits that, at all relevant times, it was engaged in and was conducting trade or commerce within the Commonwealth of Massachusetts.

31. St. Paul denies the allegations contained in paragraph 31 of the Counterclaim.

32. St. Paul denies the allegations contained in paragraph 32 of the Counterclaim.

33. St. Paul denies the allegations contained in paragraph 33 of the Counterclaim.

34. St. Paul denies the allegations contained in paragraph 34 of the Counterclaim.

35. Paragraph 35 states a conclusion of law to which no response is required. To the extent a response is required, St. Paul denies the allegations contained in paragraph 35 of the Counterclaim.

36. Paragraph 36 states a conclusion of law to which no response is required. To the extent a response is required, St. Paul denies the allegations contained in paragraph 36 of the Counterclaim.

37. St. Paul denies the allegations contained in paragraph 37 of the Counterclaim.

WHEREFORE, St. Paul requests the following relief:

1. On Count I & II, judgment against Northbridge in the amount of the remaining contract balances, without deduction or set-off, plus interest, costs and attorneys' fees.

2. Such other relief as the Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

1. The Town has failed to exhaust its administrative remedies, including the claims procedure applicable to its claim by virtue of the Takeover Agreement.

2. The Town has failed to satisfy a condition precedent to recovery in that it has failed to establish compliance with all material terms and conditions of the Takeover Agreement.

3. The Town's claims are barred due to the doctrine of unclean hands.

4. The Town's claims are barred due to the doctrine of promissory estoppel.

5. The Town's claims are barred due to the doctrine of laches.

6. The Town's claims are barred due to a failure to mitigate.

7. The Town's claims are barred because St. Paul has acted in the utmost of good faith and fair dealings with the Town.

Respectfully Submitted,
St. Paul Mercury Insurance Company,
By its attorneys,

_____
Bradford R. Carver, BBO#565396
Paula-Lee Chambers, BBO#566888
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02110
(617) 217-5500

Date: March 30, 2005

## CERTIFICATE OF SERVICE

I, Bradford R. Carver, hereby certify that on this 30th day of March, 2005, I caused a true and accurate copy of the above to be served via first class mail, postage prepaid, on the following counsel of record:

David J. Doneski, Esquire
Richard T. Holland, Esquire
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

_____
Bradford R. Carver, BBO#565396

02060-0104
365367v1

6